# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS T. FREEMAN,<br>　　Plaintiff,<br><br>　　v.<br><br>J. ZILLIOX, et al.,<br>　　Defendants. | EDCV 22-0097 DSF (AS)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint, Defendants' Motion to Dismiss, records on file, Report and Recommendation of United States Magistrate Judge ("Report"), Plaintiff's Request for Judicial Notice, Plaintiff's Objections to the Report, Defendant's Response to Plaintiff's Objections, and Plaintiff's Declaration in Support of his Objections.  The Court has conducted a de novo review of the portions of the Report to which Objections were directed.  Although not required, in an abundance of caution the Court briefly discusses the following points.  See United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); Wang v. Masaitis, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

First[1], Plaintiff claims that his excessive force claims should survive the Motion to Dismiss because they do not present a new Bivens context under Farmer v. Brennan, 511 U.S. 825 (1994). (Dkt. 73 at 1). But, as Defendants point out, but the Ninth Circuit has rejected that argument in Marquez v. Rodriguez, 81 F.4th 1027, 1030-31 (9th Cir. 2023). (Dkt. 74 at 2-3).

Second, Plaintiff contends that the existence of an alternative remedial process does not foreclose a Bivens action, and the prison administrative remedy process should not "give[] reason to 'hesitate'" extending a Bivens remedy. (Dkt. 73 at 4). That argument, however, was foreclosed by Egbert v. Boule, 596 U.S. 482 (2022) and Ziglar v. Abbasi, 582 U.S. 120 (2017). See Marquez, 81 F.4th at 1033.

Third, Plaintiff appears to seek piecemeal amendment through his Objections (Dkt. 73 at 1) and his Declaration (Dkt. 75 at 1-2)[2] to add a new claim for assault and battery, or to have such a claim construed into an existing claim, alleging—now two years into this litigation—that he mistakenly omitted it (id. at 1). Relatedly, Plaintiff's fourth objection appears to request amendment of his fifth claim to include the additional non-medical defendants. (Dkt. 73 at 2-3). Plaintiff's request to add new claims or to apply existing claims to additional defendants may be brought by a properly noticed motion to amend, should Plaintiff seek to pursue such amendment at this late juncture, not via his Objections and Declaration. See Hamilton v. Chendehen, 2016 WL 1394340, at *1 (E.D. Cal. Apr. 8, 2016) (plaintiff may not seek piecemeal amendment of complaint by way of objections); see also Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming the denial of leave to amend where the plaintiffs moved to amend two years after the initial filing and the new claims would have altered the nature of the litigation and would have required

---

[1] The Court adopts the renumbering of Plaintiff's Objections as set forth in the Defendants' Response. (See Dkt. 74 at 2 n.2).

[2] Plaintiff's Declaration was filed after Defendants had responded to the Objections.

defendants to have "undertaken, at a late hour, an entirely new course of defense"); Redon v. Ruiz, 2016 WL 3406126, at *4 (S.D. Cal. June 21, 2016) (leave to amend denied plaintiff sought to amend the complaint for a fourth time to add new claims and two new defendants).

Finally, Plaintiff's request for judicial notice of pages from an unspecified case (Dkt. 72 (Plaintiff states the "case citation has been omitted, but it is a 9th Circuit case")), fails to properly identify a legal authority, and in any event, is not a proper matter for judicial notice. See Garcia v. RPC Old Town Ave. Owner, LLC, 2021 WL 1733388, at *3 (S.D. Cal. May 3, 2021) ("it is unnecessary to judicially notice case law"); see also Burrus v. Elevance Health, Inc., 2023 WL 8896902, at *3 (C.D. Cal. Oct. 24, 2023).

Thus, the Court overrules the Objections, accepts the Report, and adopts it as its own findings and conclusions.

Accordingly, it is ordered that:

1. Defendants' Motion to Dismiss Plaintiff's claims (Dkt. 51) is GRANTED IN PART: the Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims (Claims One through Four) is GRANTED and Claims One through Four are DISMISSED WITH PREJUDICE; the Motion to Dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Filamore-Angel (Claim Five) is DISMISSED WITH LEAVE TO AMEND; and the Motion to Dismiss Plaintiff's Federal Tort Claims Act claim for intentional infliction of emotional distress (Claim Six) is DENIED.

2. Plaintiff may file a Fourth Amended Complaint that cures the pleading defects set forth in the Report no later than thirty (30) days from the date of this Order. Plaintiff is cautioned that any Amended Complaint must be complete in itself without reference to any prior complaint or any other document, and it may not add any new claims or new defendants without prior leave of the Court.

3. If Plaintiff does not file a Fourth Amended Complaint within thirty (30) days of the date of this Order, Defendant United States shall

file an Answer to Claim Six of the Third Amended Complaint no later than fourteen (14) days from the expiration of Plaintiff's time to file a Fourth Amended Complaint (i.e., forty-four (44) days from the date of this Order.

4. The Request for Judicial Notice (Dkt. 72) is DENIED without prejudice.

5. The Clerk shall serve this Order and the Report on all counsel or parties of record.

IT IS SO ORDERED.

Date: March 26, 2024

*Dale S. Fischer*
Dale S. Fischer
United States District Judge